Francisco **J. TORRES** et al., Plaintiffs, Appellants,

v.

**INTERNATIONAL GENERAL ELEC-TRIC, S.A., INC.,** Defendant, Appellee.

No. 5922.

United States Court of Appeals First Circuit.

Heard Feb. 8, 1962.

Decided May 25, 1962.

Enrique Igaravidez, San Juan, P. R., for appellants.

Jose Trias Monge, Trias & Saldana, San Juan, P. R., for appellee.

Before WOODBURY, Chief Judge, and ALDRICH and GANEY,* Circuit Judges.

WOODBURY, Chief Judge.

There is really very little substance in this appeal.

* By special designation.

The plaintiffs brought identical, except for names, dates, etc., actions for breach of similar contracts entered into by each plaintiff with the defendant. The defendant counterclaimed against each plaintiff and the consolidated cases went to trial in the District Court sitting without a jury on stipulated facts. That court dismissed the plaintiffs' complaints and appointed an auditor to examine the accounts of the parties and report the several amounts due from the plaintiffs to the defendant on its counterclaims. The plaintiffs undertook to appeal this action but we dismissed the appeal summarily for lack of appellate jurisdiction because the action of the court below was not a final judgment. The auditor held extensive hearings and filed a full report which the District Court approved over the plaintiffs' objections, which it characterized as "frivolous and wholly without merit," and gave judgment for the defendant in the amounts found by the auditor to be due it from each plaintiff with interest and costs including the auditor's fees. The plaintiffs below have appealed from this judgment.

On various dates from 1949 to 1955 the defendant entered into similar commission sales agreements with the plaintiffs under which it consigned General Electric appliances to the plaintiffs for sale on commission. The bone of contention between the parties is whether or not the defendant had the right under these agreements to charge commissions back to the plaintiffs in the event an appliance sold by them was later repossessed. That is to say, the question is whether the defendant has the right under the contracts asserted by it in 1937, and acquiesced in by the plaintiffs throughout the life of their contracts, of charging back commissions to each plaintiff in the case of appliances sold by them and later repossessed and remitting to the plaintiffs only the net balance of the commissions due with the monthly statements of account it submitted to the plaintiffs. The District Court held that the defendant had that right as a matter of law under the commercial usage of the home appliance business in Puerto Rico, and the plaintiffs-appellants contend that this is error.[1] Their argument is that the contracts themselves are so clear and explicit with respect to the payment of commissions on sales that resort may not be had to extrinsic considerations in aid of their interpretation.

The contracts provide that the defendant will pay the plaintiffs " * * * for each completed sale, a commission specified in writing, which is understood to be part of this agreement, both parties agreeing that the schedule of commissions is subject to change, in which case the Sales Representative [the plaintiff] shall be given advance notice." The contracts then go on to define a completed sale as (a) one made on credit approved in writing by the defendant; (b) one made by the plaintiff in which, in the case of a sale on credit, the plaintiff shall have an order duly signed and completed by the purchaser, a duly signed and completed contract of purchase and sale and the required down payment; and (c) completed "delivery and/or installation" of the appliance.

One can hardly suppose that the defendant would encourage its dealers to make instalment sales to hopelessly impecunious purchasers by agreeing to pay its dealers their full commission on each sale when "completed" as defined in the contract. That it had no such intention is evident from "Sales Instructions" which it is stipulated were issued by the defendant and notified to the plaintiffs from time to time during the lives of their contracts advising the plaintiffs that since 1937 it had always been the defendant's practice " * * * to charge back commissions in the event of being required to repossess." And the plaintiffs for years agreed to this practice. It was

1. The parties stipulated as follows: "The practice of charging back commissions in case of repossessions has been generally used by other appliance distributors in Puerto Rico. Plaintiffs do contend as against said evidence that this fact is immaterial to the cases at bar."

part of the contracts by inclusion by reference as well as by practical interpretation of the parties. Under these circumstances if it was error for the court below to base its conclusion solely on local practice instead of using local practice as a makeweight for its conclusion, the error was harmless.

Very similar considerations serve to refute the appellants' contentions that the court below misconstrued other provisions of the contracts. Detailed consideration of the contracts, the court's construction of them, the stipulated facts with respect to the conduct of the parties under them and the appellants' arguments would serve only to expand this opinion out of proportion to the seriousness of the issues tendered. It will suffice to say that an examination of the contracts in the light of the evidence discloses that the court below did not err in its interpretation.

The appellants' further contentions deserve only brief notice.

■ Their contention that the court's reference to the auditor was broader in scope than the reference to which they had agreed in the stipulation comes to nothing. The scope of any reference is within the sound discretion of the appointing court, and it cannot for a moment be said that the court in this case abused its discretion.

■ We cannot pass upon the appellants' further contention that the court below erred in approving the auditor's report for the reason that there is no sound factual basis for his findings and conclusions because the evidence before the auditor is not included in the appellants' record appendix.

■■ Their contention that the court below violated Rule 52(a), Fed.R.Civ.P., 28 U.S.C.A. by failing to make findings of fact of its own also comes to nothing, for the Rule specifically provides that the "findings of a master,[2] to the extent that the court adopts them, shall be considered as the findings of the court." Nor is

there any substance to the appellants' contention that the court erred in requiring them to pay the auditor's fee. Rule 53(a), Fed.R.Civ.P. provides: "The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct." E. I. Du Pont De Nemours & Co. v. Purofied Down Products Corp., 176 F.Supp. 688, 701 (S.D.N.Y.1959). There is no evidence in the record to support the appellants' bald assertion that the defendant's records were so poorly kept that the auditor had to spend more time than necessary to strike the accounts so that in consequence his fee was larger than necessary.

Judgment will be entered affirming the judgment of the District Court.

---

2. Rule 53(a) provides: "As used in these rules the word 'master' includes a referee, an auditor, and an examiner."