BEATTY, Justice.
Petition for writ of mandamus by Mid-Continent Systems, Inc., and D.G. Seago, Jr., (Petitioners) to the Honorable Walter G. Bridges, Judge, Jefferson Circuit Court, Bessemer Division, directing Judge Bridges to quash certain garnishments and executions and to enjoin executions in the case of V-J Corporation v. Bessemer Oil Company, et al., Case No. CV 81-593, in the Jefferson Circuit Court, Bessemer Division. The writ is denied.
This present petition is an outgrowth of litigation which produced an earlier petition for a writ of mandamus. See Ex parte Mid-Continent Systems, Inc., 447 So.2d 717 (Ala.1984). As the facts recited therein disclose, the action giving, rise to that petition, and now to this petition, was initiated in 1981 by V-J Corporation against Mid-Continent Systems, Inc., Bessemer Oil Company, D.G. Seago, Jr., and others, to recover damages under several theories, namely, open account, unjust enrichment, corporate alter ego-instrumentality theory, conspiracy to defraud, fraud, fraudulent suppression, deceit, and tortious interference with business relationships. On December 14, 1984, a jury returned a verdict against Mid-Continent Systems, Inc., and D.G. Seago, Jr., in the amount of $4,750,-000. The trial court entered judgment against Mid-Continent Systems, Inc., and D.G. Seago, Jr., in that amount on January 18, 1985, and made that judgment final pursuant to Rule 54(b), A.R.Civ.P.
On that same day, plaintiff V-J Corporation moved under Rule 62, A.R.Civ.P., for immediate execution of the judgment on the following grounds:
“2. Upon the expiration of thirty (30) days, Plaintiff obtained a Certificate of Judgment from the clerk of this court and filed several garnishments and executions on property believed to be owned by Mid-Continent Systems, Inc. and/or D.G. Seago, Jr.
“3. Counsel for the Plaintiff has been informed that Mid-Continent Systems, Inc. and D.G. Seago, Jr. plan to file a motion to quash the garnishments and executions.
“4. From several sources, Plaintiff has learned that Mid-Continent Systems, Inc. and D.G. Seago, Jr. have transferred and disposed of assets which would be subject to execution and/or garnishment.”
This motion was set for hearing on January 23, 1985. On that date, however, V-J Corporation withdrew the Rule 62 motion and informed both court and opposing counsel that it would file an affidavit under Code of 1975, § 6-9-23, with the clerk of the circuit court. That section provides:
“After the entry of judgment and before the expiration of the time limited by the Alabama Rules of Civil Procedure, on affidavit being made and filed that the defendant is about fraudulently to dispose of or remove his property and that thereby the plaintiff will probably lose his debt, the clerk or register must issue execution against the property of the defendant.”
But before the affidavit was filed, petitioners moved for a stay of execution on the ground that “the affidavit either fails to state sufficient facts to authorize the clerk to issue execution or is untrue.” Whereupon, on January 23, 1985, the trial court conducted an evidentiary hearing on the motion to stay, and on January 24, 1985, denied the petitioners’ motion. Counsel for V-J Corporation then filed an affidavit under § 6-9-23 with the circuit court clerk and requested the issuance of nine garnishments and one execution. The pertinent portions of that affidavit follow:
“My name is Richard F. Ogle and I am one of the attorneys in the case of V-J Corporation. I am making this Affidavit *679 based upon Rule 62, A.R.C.P., and Section 6-9-23, Code of Alabama (1975). Attached to this Affidavit as Exhibit A is a copy of a deed dated January 2, 1985 executed by the Defendant, D.G. Seago, Jr. on behalf of Bessemer Oil Company, a wholly owned subsidiary of Mid Continent Systems, Inc. Although the deed appears to be between the State of Alabama and Bessemer Oil Company, attached herewith as Exhibit B is a letter dated November 1, 1984 showing that the decision to accept the offer of the State of Alabama was, in fact, made by Mid Continent Systems, the parent company of Bessemer Oil Company. In addition to these exhibits, the Affiant has learned that within the last 30-40 days prior to this Affidavit, but subsequent to the judgment of December 14, 1984, the Defendant, Mid Continent Systems, Inc., has closed one or more bank accounts in Jefferson County, Alabama. The affiant hereby states under oath that the Defendant, Mid Continent Systems, Inc., has fraudulently disposed of its property, is about to fraudulently dispose of its property and will dispose of or remove its property and that the Plaintiff will probably lose its debt unless the Clerk issues execution against the property of the Defendants, Mid Continent Systems, Inc., and D.G. Seago, Jr.”
On January 24, 1985, petitioners moved for relief under Rule 62(b), A.R.Civ.P., requesting a stay of enforcement of the judgment pending the outcome of its motion for judgment notwithstanding the verdict,[1] and requesting also that the garnishments be quashed and that plaintiff be enjoined from further collection efforts.
On January 30, 1985, the trial court denied the petitioners’ Rule 62(b) motion. Based upon that denial, the petitioners sought a writ of mandamus, contending that § 6-9-23 abrogates petitioners’ procedural due process rights as well as his right to appellate review.
Petitioners attack the constitutionality of § 6-9-23 as violating the due process clause of the Fourteenth Amendment of the United States Constitution. The affidavit referred to in that section, it is argued, is not required to contain specific facts. Additionally, it is argued, the section does not provide for a review of the affidavit’s sufficiency by a judicial officer. Further, it is claimed, the section does not provide for notice and an immediate hearing. According to petitioners, these requirements emanate from three United States Supreme Court cases which were later followed in Finberg v. Sullivan, 634 F.2d 50 (3d Cir.1980). Those three Supreme Court cases are Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); and North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).
Fuentes, Mitchell, and Di-Chem involved factual issues and execution procedures completely different from those present in the instant case. In each of those cases, the Court was dealing with deprivations of property pending suit or pending judgment. They did not involve post-judgment execution or garnishment. On the other hand, Finberg involved a post-judgment garnishment which was struck down upon due process grounds. In that case, a plaintiff obtained a default judgment against Mrs. Finberg and immediately initiated garnishment proceedings against her checking and savings accounts at a bank. The bank froze her money in these accounts and sent Mrs. Finberg a notice of attachment. These bank accounts contained money which was exempt from attachment and garnishment because it consisted of social security benefits and other benefits which were statutorily exempt. From a reading of the court’s due process analysis, it is clear that no broad and all-encompassing principle was being created to apply to all *680 post-judgment remedies. Quite the contrary, in determining that Mrs. Finberg was entitled to a due process hearing “at a meaningful time” before garnishment, the court pointed out at 634 F.2d 59 that:
“In the circumstances of the present case, the debtor’s interests demand an especially prompt hearing. Her purpose in asserting exemptions [social security benefits held in checking account, plus a statutory exemption of $300 to a class of debtors of which this debtor was one] is to regain money required for the basic expenditures of living. ... At the very minimum, then, a judgment debtor in Mrs. Finberg’s position must have an opportunity to assert and adjudicate claims of exemption promptly after the imposition of a freeze.” (Emphasis added.)
That Court also required “timely and adequate notice of the attempt to garnish her accounts.”
The Finberg court was careful to point out, however, at 58:
“The principles established in the controlling Supreme Court decisions, to summarize, are that notice and an opportunity to b.e heard before an attachment are not absolutely necessary. However, the available procedures must afford the debtor adequate protection against erroneous or arbitrary seizures. The procedural protection is adequate if it represents a fair accommodation of the respective interests of creditor and debtor.” (Emphasis added.)
The facts of this case and the procedures followed disclose such a fair accommodation. The record discloses that at the January 23, 1985, hearing when V-J Corporation withdrew its Rule 62(a) motion, it informed' counsel for the petitioners of its intent to file a § 6-9-23 affidavit. Petitioners themselves then moved to stay such an execution, and the trial court, apparently with the consent of all involved, held an evidentiary hearing on the petitioners’ motion. Testimony of witnesses was taken and counsel for the parties made arguments. The trial court entered an order the next day denying the motion, whereupon the petitioners moved for Rule 62(b) relief, i.e., an order staying the execution and quashing the garnishments. On this motion, another evidentiary hearing was held, following which, on January 30, 1985, the trial court denied the Rule 62(b) motion. Under those facts, it must be concluded that a full opportunity to be heard at a meaningful time has been afforded the petitioners.
Moreover, no further discussion is necessary to demonstrate that the factual circumstances of Mrs. Finberg’s case do not exist here.
Petitioners, however, make a further argument:
“If V-J Corporation is allowed to execute on its judgment immediately, this will not allow Mid-Continent Systems, Inc., and D.G. Seago, Jr., the opportunity to perfect their appeal. In accordance with the Alabama Rules of Civil Procedure, the Circuit Court must first enter an order on the Motion For A Judgment Notwithstanding The Verdict Or In The Alternative For A New Trial before the Petitioners can post the supersedeas bond necessary to appeal and stop execution. As the testimony and evidence prove an immediate execution will so cripple Mid-Continent Systems, Inc., and D.G. Seago, Jr., they will be forced into Bankruptcy. In an absence of a stay of execution, Petitioners will suffer irreparable damage; and the entities will be damaged to the extent that the judgment most likely cannot be paid.”
That position, we respectfully submit, is untenable. There was no impediment to the petitioners’ complying with the provisions of Rule 62(b), whose terms are:
“In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to *681 Rule 60, or of a motion for judgment in accordance with a motion for directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).”
Nothing would have prevented petitioners, as judgment-defendants, from moving to stay execution proceedings pending the outcome of the motion for judgment notwithstanding the verdict and posting a bond to preserve the status quo. In contradistinction, the record does not disclose that petitioners ever offered to post such a bond. In fact, the trial court has expressly found that “no plan for payment of the judgment nor for making a superse-deas bond was made.”
Nor can we agree with petitioners that execution would not allow them to perfect their appeal. The procedural pattern within which § 6-9-23 falls recognizes that, in general, a 30-day automatic stay in the execution of a judgment is in effect. Rule 62(a), A.R.Civ.P. Where, however, the status quo is disrupted by acts of the judgment-defendant, the legislature has provided the judgment-plaintiff with statutory protection. See Code of 1975, §§ 6-9-22, -23. And if, after the 30-day period has expired, the defendant wishes to stay execution pending a motion for judgment notwithstanding the verdict, he may move to stay execution pending the outcome of that motion. Rule 62(b), A.R.Civ.P. Under that rule, the trial court has the discretion to determine whether a stay of execution is proper in the circumstances before him.
Finally, the argument concerning the possible bankruptcy of Mid-Continent Systems, Inc., and D.G. Seago, Jr., if the execution is not stayed, is a matter which has been weighed by the trial judge. Upon reflection, it appears that the petitioners would have, in any event, been in the same position on February 17, 1985, when an automatic stay of execution would have expired, as they maintain they would be in if this stay were denied. We can detect no abuse of discretion on the part of the trial court in evaluating this claimed outcome.
The question here, then, is whether that discretion was exercised in an arbitrary and capricious manner. Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981). It appears from the hearings and from the finding that the trial court was considering a balance of the competing interests of the parties and thus made a reasoned, as opposed to an arbitrary, judgment denying a stay of the executions and garnishment here.
For the reasons discussed, the writ must be, and it is hereby, denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

. The parties concede that the request for a stay pending the outcome of petitioners’ motion for judgment notwithstanding the verdict was rendered moot by the trial court’s denial of that motion on February 21, 1985.