TAYLOR, Presiding Judge.
The petitioner, Robert Tegner, filed this petition for a writ of mandamus to direct the Honorable Glenn E. Thompson, circuit judge for the eighth judicial circuit, to revoke his order granting the state’s motion to remove attorney John Mays from representing the petitioner at trial and to reinstate Mays as attorney of record.
*515 The petitioner was charged with murder. Mays was appointed to represent him. The only witness to the murder, John Mitchell, who was the victim’s brother, had previously been represented by Mays in connection with a charge for driving under the influence (DUI). During the preliminary hearing in the petitioner’s case, Mays brought this fact to the court’s attention. The state then filed a motion to remove Mays from representing the petitioner. A hearing was held on this motion and, out of an abundance of caution, Judge Thompson ordered that the parties seek an ethics opinion from the Alabama State Bar Disciplinary Commission. The ethics opinion advised that Mays should be disqualified from representing the petitioner because he had a conflict of interest in that Mays could have obtained “confidential information” from Mitchell when he represented him on the DUI charge. After the ethics opinion was issued, Judge Thompson granted the state’s motion to remove Mays. The petitioner, Tegner, then filed this petition for a writ of mandamus.
The petitioner’s main contention is that he waived his right to have counsel free of any conflict of interest, and therefore, he argues, the court erred in granting the state’s motion to remove May. This court in Browning v. State, 607 So.2d 339, 341-43 (Ala.Cr.App.1992), stated:
“ ‘To be more than just a hollow right, our law requires that assistance of counsel be effective.’ State v. Franklin, 400 So.2d 616, 620 (La.1981). (Emphasis added [in Browning].) Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984); Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). See also Valdez v. Winans, 738 F.2d 1087 (10th Cir.1984). ‘[TJhere likewise exists a correlative right to representation that is free from any conflict of interest.’ United States v. Carpenter, 769 F.2d 258, 262-63 (5th Cir.1985).
“ ‘The assistance of counsel means assistance which entitles an accused to the undivided loyalty of his counsel and which prohibits the attorney from representing conflicting interests or undertaking the discharge of inconsistent obligations.’ People v. Molstad, 101 Ill.2d 128, 77 Ill.Dec. 775, 775, 461 N.E.2d 398, 398 (1984). ‘Counsel’s undivided loyalty to the client is crucial to the integrity of the entire adversary system.’ [Commonwealth v.] Goldman, [395 Mass. 495,] 480 N.E.2d [1023] at 1032 [ (1985), cert. denied, 474 U.S. 906, 106 S.Ct. 236, 88 L.Ed.2d 237 (1985)].
“ ‘The Supreme Court has acknowledged that “counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest,” which is “perhaps the most basic of counsel’s duties.” Strickland v. Washington, 466 U.S. 668, 690, 692, 104 S.Ct. 2052, 2065, 2067, 80 L.Ed.2d 674 (1984). The Court has recognized that the harm caused by representing conflicting interests is difficult to measure because the harm “is in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.” Holloway v. Arkansas, 435 U.S. 475, 490, 98 S.Ct. 1173, 1182, 55 L.Ed.2d 426 (1978); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).’
“Duncan v. Alabama, 881 F.2d 1013, 1016 (11th Cir.1989) (emphasis in original). ‘Loyalty to a client is ... impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer’s other responsibilities or interests.’ Comment, Rule 1.7, Alabama Rules of Professional Conduct. ‘The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel’s playing a role that is critical to the ability of the adversarial system to produce just results.’ Strickland, 466 U.S. at 685, 104 S.Ct. at 2063.
[[Image here]]
“... ‘A defendant ... may waive this right to an attorney “unhindered by a conflict of interest.” ’ Goldman, 480 N.E.2d at 1031, quoting Commonwealth v. Connor, 381 Mass. 500, 504, 410 N.E.2d 709 (1980). See also United States v. Partin, 601 F.2d 1000 (9th Cir.1979), cert. denied, 446 U.S. 964, 100 S.Ct. 2939, 64 L.Ed.2d 822 (1980); Holloway, supra.”
*516 Although the petitioner attempted to waive any conflict, the inquiry does not cease there. As argued in the responses filed to the petition for a writ of mandamus, this case involves a former client of the attorney’s and is therefore governed by Rule 1.9, Alabama Rules of Professional Conduct. Rule 1.9 states:
“A lawyer who has formerly represented a client in a matter shall not thereafter:
“(a) represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client, unless the former client consents after consultation; or
“(b) use information relating to the representation to the disadvantage of the former client.... ”
Not only would the petitioner have to waive the conflict, but the attorney’s former client, Mitchell, would also have to consent. Rule 1.9. The record reflects that Mitchell did not consent. It would be hard to find a case that is a better example of the reasons behind Rule 1.9. The trial court did not err in granting the state’s motion to remove Mr. May from the case because there was an undeniable conflict of interest.
For the foregoing reasons, this petition for a writ of mandamus is due to be denied.
PETITION DENIED.
All the Judges concur.