682 So.2d 396 (1996)
Ex parte Robert TEGNER.
(Re State of Alabama v. Robert Tegner).
1950460.
Supreme Court of Alabama.
August 2, 1996.
*397 Richard E. Sandefer of Sandefer & Associates, P.C., Pinson, for petitioner.
Jeff Sessions, Atty. Gen., James B. Prude, Asst. Atty. Gen., and Stephen Mark Dukes, Decatur, for respondent.
Joseph P. Van Heest of Glassroth & Associates, P.C., Montgomery, for amicus curiae Alabama Criminal Defense Lawyers Association in support of petitioner.
KENNEDY, Justice.
Robert Tegner, who has been charged with murder, seeks a writ of mandamus directing the Morgan Circuit Court to revoke an order granting the state's motion to remove Tegner's attorney from representing him at trial.
We are mindful that the writ of mandamus is a drastic and extraordinary remedy. Ex parte Johnson Land Co., 561 So.2d 506 (Ala.1990). It will not issue absent a clear abuse of discretion by the trial court. Ex parte Mid-Continent Systems, Inc., 447 So.2d 717 (Ala.1984).
This petition arises from the following facts:
John Mitchell is purportedly an eyewitness to the murder Tegner is charged with. It is anticipated that Mitchell will be the State's key witness against Tegner.
John Mays was appointed to represent Tegner at trial. Mays had previously represented Mitchell, the purported eyewitness, in another matter. The State moved to remove Mays as Tegner's attorney, averring that Mays has a potential conflict of interest in the case, within the meaning of Rule 1.9, Alabama Rules of Professional Conduct, based on the fact that he had previously represented Mitchell and may have obtained confidential information about Mitchell during the course of representing him. The State also averred that Mitchell had not waived any objection to this potential conflict. After hearing oral arguments on the motion, the trial court directed the State to seek an ethics opinion from the Alabama State Bar. The State Bar spoke with the attorneys involved in Tegner's case to develop a factual background; it then issued an opinion concluding that Mays had "a conflict of interest that disqualifies him." After that opinion was provided to the trial court, the court granted the State's motion to remove Mays, on the basis that "[i]t is the opinion of [the Alabama State Bar Disciplinary] Commission that John Mays has a conflict of interest that disqualifies him from representing Robert Tegner."
Tegner sought a writ of mandamus from the Court of Criminal Appeals. That court denied the writ. Ex parte Tegner, 675 So.2d 514 (Ala.Crim.App.1995). Tegner then petitioned this Court for the writ, pursuant to Ala.R.App.P. 21(e). We grant his petition and issue the writ.
In United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994), the United States Court of Appeals for the Eleventh Circuit ably discussed constitutional concerns and matters a court must examine when considering a motion by the State to remove defense counsel:
"The Sixth amendment guarantees criminal defendants that `[i]n all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defense.' ... [A] criminal defendant has a presumptive right to counsel of choice, Wheat [v. United States, 486 U.S. 153, 164, 108 S.Ct. 1692, 1699-1700, 100 L.Ed.2d 140 (1988)], and courts should hesitate to disqualify defense counsel.
"Notwithstanding the importance of the right to counsel of choice, that right is not absolute. In determining whether or not to disqualify defense counsel, the court must balance two Sixth amendment rights: (1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest. [Wheat, 486 U.S. at 160, 108 S.Ct. at 1697-98.] The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has *398 previously represented a person who will be called as a witness against a current client at a criminal trial.... Indeed, even a potential conflict suffices for disqualification....
"In deciding whether the actual or potential conflict warrants disqualification, we examine whether the subject matter of the first representation is substantially related to that of the second. [Citations omitted]."
The trial court, in considering the State's motion, should have evaluated evidence regarding the question of disqualification, weighed the constitutional rights in issue, and determined whether the first representation was substantially related to the second. It did not do so; because it had to do so before it could properly disqualify Tegner's counsel, we grant Tegner's petition. The Morgan Circuit Court is directed to set aside its order granting the State's motion to remove Mays from Tegner's case.
WRIT GRANTED.
ALMON, SHORES, COOK, and BUTTS, JJ., concur.
HOUSTON, J., concurs specially.
HOOPER, C.J., and MADDOX, J., dissent.
HOUSTON, Justice (concurring specially).
Robert Tegner has waived any error that may result from his attorney's having represented the State's material witness in another criminal matter. Therefore, I cannot hold that Tegner cannot be represented by his attorney of choice. I think the attorney has placed himself between a rock and a hard place in light of the ethics opinion from the Alabama State Bar and the prospect of cross-examining his former client in an attempt to discredit him. However, if Tegner should be convicted, he has waived his right to seek reversal on the grounds that Mays, in cross-examining this material witness for the State, provided Tegner inadequate or ineffective representation because of this potential conflict of interest.
HOOPER, Chief Justice (dissenting).
The writ of mandamus should be denied. John Mays was appointed to represent Robert Tegner in this criminal prosecution. Mays has previously represented John Mitchell in a criminal case. Mitchell is purportedly an eyewitness to the murder Tegner is charged with, and it is anticipated that he will be the State's key witness against Tegner.
The trial court held a hearing and found that Mays had a potential conflict of interest in Tegner's case, within the meaning of Rule 1.9, Alabama Rules of Professional Conduct, based on his having previously represented Mitchell. Mays obtained confidential information about Mitchell during the course of representing him. Mitchell has not waived any objection to this potential conflict.
In United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994), the United States Court of Appeals for the Eleventh Circuit held that "[i]n deciding whether the actual or potential conflict warrants disqualification, we examine whether the subject matter of the first representation is substantially related to that of the second." Mays's representation of the State's key witness in the earlier criminal case is substantially related to his representation in Tegner's criminal case. In representing Mitchell, Mays would have learned confidential information about Mitchell that Mays could now use against Mitchell in order to aid in Tegner's defense. Even if Mays did not use any of this confidential information against Mitchell, any attempt by Mays to impeach Mitchell would have the appearance of violating Mitchell's confidentiality. Even if the confidential information is not the direct subject of the impeachment, the confidential information may have aided Mays in obtaining the impeachment information.
The trial judge properly removed John Mays from representing Robert Tegner in this case. Tegner has not shown a clear legal right to the writ of mandamus. I would deny his petition.
MADDOX, J., concurs.