REL:  December 9, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

### CL-2022-1156

————————————————

## Ex parte Charles Oden, Jr.

## PETITION FOR WRIT OF MANDAMUS

## (In re:  Charles Oden, Jr.

## v.

## Melody Oden)

## (Morgan Circuit Court, DR-19-900165.03)

EDWARDS, Judge.

Charles Oden, Jr. ("the father"), and Melody Oden ("the mother") were divorced by a judgment entered by the Morgan Circuit Court ("the trial court") in June 2020.  That judgment provided that the mother and

the father would have joint custody of the parties' two children, that the father's residence would be considered the older child's residence "for all legal intents and purposes," and that the mother would have certain specified visitation rights with the older child until such time as the mother and the older child completed certain counseling requirements. In March 2021, the father filed a complaint seeking to modify, among other things, the custody provisions of the June 2020 judgment; the mother filed a counterclaim seeking to hold the father in contempt of the visitation provisions of the June 2020 judgment. That action was assigned case number DR-19-900165.02. After a trial, the trial court entered a judgment in December 2021 ("the December 2021 contempt judgment") that, among other things, found the father to be in criminal contempt of the visitation provisions of the June 2020 judgment and sentenced the father to a 10-day jail sentence to be served on weekends. The trial court suspended that sentence and ordered that the father purge himself of the contempt by complying with several specific provisions set out in the December 2021 contempt judgment, all of which related in some way to the older child's visitation or relationship with the mother.

In January 2022, the father filed another custody-modification complaint, and, in February 2022, the mother filed another counterclaim seeking to hold the father in contempt for continued violations of the visitation provisions of the June 2020 judgment and violations of the December 2021 contempt judgment; that action was assigned case number DR-19-900165.03. After a trial, the trial court entered a judgment in October 2022 ("the October 2022 contempt judgment") that, among other things, held the father in criminal contempt, sentenced him to 10 days in jail, and lifted the suspension of the previously imposed 10-day sentence set out in the December 2021 contempt judgment. The trial court ordered the father to serve the two 10-day sentences concurrently over five consecutive weekends beginning on October 14-16, 2022, and concluding on November 11-13, 2022.

The father sought recognition by the trial court of the automatic stay imposed on the execution of judgments under Rule 62(a), Ala. R. Civ. P.; the trial court indicated that the stay under Rule 62(a) was not applicable to the sentences it had imposed for criminal contempt. The father then filed in this court a petition for the writ of mandamus, requesting that this court direct the trial court to recognize the stay

imposed under Rule 62(a); that petition was assigned case number CL-2022-1094. On the father's motion, we stayed imposition of the sentences of incarceration pending resolution of the petition for the writ of mandamus. However, because the 30-day period during which the automatic stay under Rule 62(a) would have operated expired before resolution of the father's petition in case number CL-2022-1094, we dismissed that petition on motion of the father on November 8, 2022.

On November 3, 2022, while the petition for the writ of mandamus in case number CL-2022-1094 was pending, the father filed a postjudgment motion directed to the October 2022 contempt judgment and a motion requesting a stay of the sentences of incarceration pending a ruling on the postjudgment motion as provided for in Rule 62(b), Ala. R. Civ. P. On November 8, 2022, and November 9, 2022, the trial court, in separate orders, set a hearing on the father's postjudgment motion for December 14, 2022, and denied the father's motion for a stay under Rule 62(b). The father then filed the current petition for the writ of mandamus, requesting that this court direct the trial court to enter a stay, under Rule 62(b), of the sentences of incarceration pending the resolution of his postjudgment motion. The father also filed a motion

4

seeking a stay of the sentences of incarceration pending resolution of the current petition for the writ of mandamus, which this court granted. We called for expedited answers to the petition; the trial-court judge filed an answer, but the mother declined to do so. The petition is now ripe for our review.

> "'"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."'"

Ex parte A.M.P., 997 So. 2d 1008, 1014 (Ala. 2008) (quoting Ex parte Perfection Siding, Inc., 882 So. 2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995)).

As the trial-court judge notes in his answer to the father's mandamus petition, Rule 62(b) does not mandate the entry of a stay pending resolution of the father's postjudgment motion. Instead, it provides that a trial court has the discretion to grant a stay "on such conditions for the security of the adverse party as are proper." Rule 62(b). Typically, a petition for the writ of mandamus will not lie to direct a trial court to exercise its discretion in a particular way. Ex parte Edgar, 543

So. 2d 682, 684 (Ala. 1989). However, mandamus will lie to correct an abuse of a trial court's discretion. Ex parte Palm Harbor Homes, Inc., 798 So. 2d 656, 660 (Ala. 2001) ("[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion."); Ex parte Edgar, 543 So. 2d at 684 ("In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review the exercise of discretion except in a case of abuse.").

In Ex parte Mid-Continent Systems, Inc., 470 So. 2d 677 (Ala. 1985), our supreme court considered whether a trial court had abused its discretion in denying a stay under Rule 62(b). After noting that the trial court had the discretion to grant or deny a requested stay under Rule 62(b), our supreme court stated:

> "The question here, then, is whether that discretion was exercised in an arbitrary and capricious manner. Ex parte Hartford Ins. Co., 394 So. 2d 933 (Ala. 1981). It appears from the hearings and from the finding that the trial court was considering a balance of the competing interests of the parties and thus made a reasoned, as opposed to an arbitrary, judgment denying a stay of the executions and garnishment here."

6

470 So. 2d at 681.

The trial-court judge contends that staying the sentences of incarceration in the present case, which he concedes are sentences imposed for criminal contempt, would permit "a party appearing before the trial court [to] continually and routinely perform the same contempt …, and the trial court will be without authority to enforce its orders, protect another party, protect assets, or reunify children and parents." However, a stay of a sentence of incarceration under Rule 62(b) merely forestalls the execution of that particular sentence pending resolution of a postjudgment motion. If a party continues to act in contempt of a judgment of the trial court, that court may impose further sanctions in any new action for contempt instituted under Rule 70A, Ala. R. Civ. P. A trial court may also act to protect parties or assets by issuing a temporary restraining order under Rule 65, Ala. R. Civ. P. The trial-court judge further indicates his concern that, because the older child will reach the age of majority on January 12, 2023, a delay in the execution of the sentences of incarceration will prevent the trial court from restoring the relationship between the mother and the older child. A sentence imposed for criminal contempt serves to punish the contemnor. Rule 70A(2)(c)(ii),

7

Ala. R. Civ. P.; <u>J.S. v. L.M.</u>, 251 So. 3d 61, 66 (Ala. Civ. App. 2017). We cannot conceive of a basis under which a sentence of incarceration for criminal contempt imposed on one parent would serve as a method of restoring a relationship between a child and the other parent. To the extent that the trial-court judge has concerns that the older child's reaching 19 years of age will somehow "moot" or obviate the sentences of incarceration, he is incorrect. If the father is ultimately unsuccessful in any challenge to the sentences of incarceration, he will still have to serve those sentences, regardless of the age of the older child at the time the challenge is resolved.

As the father correctly contends in his petition, the trial court's refusal to stay the sentences of incarceration pending resolution of the postjudgment motion on or after December 14, 2022, would have mooted the father's postjudgment motion and anticipated appeal because the father would have served the sentences by the time of the postjudgment hearing.[1] <u>See</u> <u>Davis v. Davis</u>, 317 So. 3d 47, 52 (Ala. Civ. App. 2020)

---

[1]The father served one weekend of incarceration before he filed his petition for the writ of mandamus in case number CL-2022-1094. If we had not stayed the sentences of incarceration upon his filing his current mandamus petition, the father would have had to serve the four

(explaining that the fact that an appellant had served a sentence imposed for contempt rendered that aspect of her appeal moot because this court could not provide any relief); see generally Morrison v. Mullins, 275 Ala. 258, 259, 154 So. 2d 16, 18 (1963) (explaining that an appeal becomes moot when an "event which occurred pending appeal makes a determination of the appeal unnecessary, or renders it impossible for the appellate court to grant effectual relief").  Our stay of the sentences of incarceration pending the resolution of the father's petition for the writ of mandamus has prevented such a result, but, if we were to deny the father's petition and lift our stay, the father would have to serve his sentences each weekend for the following four weekends, and any potential appeal of the October 2022 contempt judgment could be mooted.

We have previously explained that an abuse of discretion occurs when a court exercising its discretion "'"has committed a clear or palpable error, without the correction of which manifest injustice will be done."'" D.B. v. J.E.H., 984 So. 2d 459, 462 (Ala. Civ. App. 2007) (quoting Clayton v. State, 244 Ala. 10, 12, 13 So. 2d 420, 422 (1942), quoting in

---

remaining weekends of incarceration on November 11-13, November 18-20, November 25-27, and December 2-4, 2022.

turn 16 C.J. 453). To deny the father a stay of the sentences of incarceration would effectively deprive him of the right to seek an appeal of the October 2022 contempt judgment. Thus, we conclude that the trial court abused its discretion in failing to stay, under Rule 62(b), the sentences of incarceration pending the resolution of the father's postjudgment motion. Accordingly, we grant the father's petition for the writ of mandamus and direct the trial court to enter a stay of the father's sentences of incarceration pending resolution of the father's postjudgment motion.

PETITION GRANTED; WRIT ISSUED.

Moore, Hanson, and Fridy, JJ., concur.

Thompson, P.J., concurs in the result, without opinion.