In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

MDL No. 381.

United States District Court, E. D. New York.

April 29, 1982.

PRETRIAL ORDER NO. 35

APPOINTING SPECIAL MASTER

GEORGE C. PRATT, District Judge.

In pretrial order # 33, the court delineated the issues to be tried in the Phase I trial covering the government contract defense. A conference was held on March 18, 1982 to discuss discovery and related issues, and the court has carefully considered the parties' proposals.

With discovery about to begin under control of the court, the defendants requested the appointment of a special master to supervise discovery, and defendants have agreed to pay the entire cost of the special master. Plaintiffs have opposed appointment of a special master. The government,

while not a party to the case, will no doubt be the target of the majority of the discovery sought, and the position of the government is that appointment of a special master at this stage would be premature.

After careful reflection, the court is satisfied that the magnitude of the case, the complexity of the anticipated discovery problems, the sheer volume of documents to be reviewed, many of which are subject to claims of privilege, the number of witnesses to be deposed, the need for a speedy processing of all discovery problems in order to meet the trial date established in this order, all argue in favor of using a special master to supervise discovery and prepare the pre-trial order for purposes of the Phase I trial. While the government is partially correct in pointing out the absence of serious discovery disputes thus far, defendants point out that there are an estimated four million government documents yet to be produced, and an estimated two thousand documents that the government has tentatively asserted are privileged. Discovery in these and other areas can be effectively and more efficiently handled through the constant attention of a readily available special master.

Accordingly,

1. Pursuant to Rule 53 of the Federal Rules of Civil Procedure, Sol Schreiber, Esq., c/o Milberg Weiss Bershad & Specthrie, One Pennsylvania Plaza, New York, New York 10119, (212) 594-5300, is appointed special master with the powers and duties hereinafter set forth.

2. The special master shall be empowered and charged with the duty to:

(a) Rule upon all pending and future motions relating to discovery.

(b) Control the scheduling of all discovery.

(c) Rule on legal and factual disputes concerning the proper scope of discovery under FRCP 26(b) including, but not limited to, issues of discoverability, privilege, attorney work product, discovery of expert testimony and trial preparation materials.

(d) Issue or modify protective orders, where deemed appropriate, relating to discovery matters.

(e) Resolve disputes between the parties relating to answers to written interrogatories propounded pursuant to FRCP 33, including objections to written interrogatories and to the adequacy of any responses thereto and directing any party to answer or to supplement any answer to any interrogatory.

(f) Resolve disputes between the parties relating to the production, inspection and copying of documents and other items pursuant to FRCP 34.

(g) Resolve disputes between the parties relating to physical and mental examinations and depositions of *in extremis* plaintiffs.

(h) Resolve disputes between the parties relating to any request for admission propounded pursuant to FRCP 36, including the propriety of any requests and the adequacy of any responses thereto.

(i) Resolve disputes between the parties relating to the taking of depositions, including:

(1) Fixing the time and place of all depositions upon which counsel are not able to reach agreement.

(2) Ruling, if requested, on any objection, refusal to answer, or failure to provide a responsive answer to any question, and directing any witness to answer any questions that the special master finds unobjectionable;

(3) Otherwise supervising the taking of depositions, whether in this district or elsewhere, *see* 28 U.S.C. § 1407(b), in such a manner as the special master considers will protect the rights of the parties or deponents; and

(4) The special master may attend depositions upon a joint request by the parties or upon request of one of the parties when the special master deems it appropriate to attend the deposition. When the special master does not attend the deposition, he may be consulted by telephone to rule on disputes arising during the deposition.

(j) Regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties as set forth in this order.

(k) Require the attendance of counsel for conferences and place under oath witnesses and/or agents, officers or employees of the parties and examine them.

(*l*) Rule on all applications for any protective orders in this litigation and, in appropriate circumstances, grant requests for modification of, or exceptions to, such protective orders.

(m) Rule on any request for an order compelling discovery pursuant to FRCP 37 and for costs or expenses related thereto. The special master may also make assessments in appropriate situations as a penalty for noncompliance with discovery orders. Such penalties shall not be reallocated at the conclusion of trial.

3. In addition, the special master shall have all powers relating to discovery allowed to masters under Rule 53 of the Federal Rules of Civil Procedure, and all powers necessary and proper to effectuate Rules 16, 26 through 37, and Rule 45(a)–(d) of the Federal Rules of Civil Procedure, subject to review as hereinafter provided, and to do all other acts and to take all other measures that are necessary or advisable to supervise discovery in these cases and to assist the parties in any settlement negotiations and in the preparation of a pretrial order.

4. Any action taken or ruling made by the special master shall be subject to review by the court upon application of any party aggrieved by such action or ruling, provided that such application shall be served and filed with the court within 10 days after said action or ruling unless such time shall have been enlarged by the master for good cause.

(a) The party seeking review shall, at its own expense, provide to the court a transcript of the proceedings before the special master, if a court reporter was present thereat, together with a concise statement of the issues and the contentions with respect thereto.

(b) When review is sought as to a matter arising in a deposition, the special master may in his discretion order completion of the deposition pending review.

5. If one of the parties shall so request in advance, or upon the direction of the special master, a court reporter shall be present at any proceeding before the special master. The court reporter shall be engaged by the special master in and in accordance with the agreement of defendants, the expense thereof shall be part of the compensation payable to the special master as hereinafter provided, except for transcripts referred to in ¶ 4(a) above.

6. The parties shall immediately submit for examination by the special master all pending motions and pleadings relevant to his assignment and duties hereunder, as well as such materials as the special master may direct.

7. The court hereby refers to the special master all pending motions and applications with respect to the conduct of discovery in this action, and requests that the master be prepared to rule at the conference described below upon as many aspects of the outstanding discovery problems as may conveniently be handled at that time.

8. The special master shall be compensated for his services at a fair and reasonable rate, which at the present time the court determines to be $180 per hour. The special master shall also be reimbursed for any necessary expenses, and he may use other people in his office to assist him in matters involving legal research, document and file review, service and filing, and such other matters as may be appropriate in the exercise of his duties. The compensation for such assistance shall be at the rate of $75 per hour for associates, and $45 per hour for legal interns. The special master shall periodically submit statements to counsel for defendant Dow with a copy to the court.

9. The first meeting of the special master with the parties shall be held in Court-

room A of the Long Island Courthouse on May 13, 1982 at 9:30 a. m. The agenda for such first meeting shall include:

(a) Introduction of the special master by the court.

(b) Consideration and disposition of pending discovery matters.

(c) Any other matters requiring attention of the special master.

10. The scope of discovery to be supervised by the special master under this order extends to the entire case. In scheduling discovery and determining its scope and extent at any given time the special master and the parties shall keep in mind that trial of Phase I shall begin on Monday, June 13, 1983 at 9:30 a. m.

SO ORDERED.