Defendants appeal from a judgment entered by the Circuit Court of Tuscaloosa County adopting the findings of a special master in a suit brought by Miriam Ellen Hall Mazzone against the co-executors of her father's estate, Mary Florence Hall and Hines Newell Hall. Mazzone asked the court to order the co-executors to execute deeds to her establishing her interest in certain realty, alleging that timber contracts had been executed with regard to certain Baldwin County property, and she asked the court to distribute her share of the net profits. Mazzone further requested an accounting regarding the administration of the estate. Mazzone later amended her complaint, to contest the payment of certain debts; to allege that an oil, gas, and mineral lease executed to Terra Resources, Inc., involving the Baldwin County property was either totally invalid or valid only with regard to the interests in that property of Mary Florence Hall, Sarah Hall Shirley, and Hines Newell Hall; to allege that Bessie Newell Hall, the widow of Robert Hines Hall (Mazzone's paternal grandfather), had no dower rights in the Baldwin County property; and to allege that Mary Florence Hall and Hines Newell Hall were guilty of misapplication and mismanagement of estate assets and should be removed as co-executors.
After the parties filed a joint stipulation to dismiss Terra Resources, Inc., from the action, the trial court appointed a special master for the purpose of reviewing and making a report to the court regarding the following matters:
 "1. The Special Master is hereby charged to make an accounting for all property, real and personal, comprising the Estate of Jessie Carl Hall, deceased, at the time of his death.
 "2. The Special Master is further requested to review all claims made against the Estate to determine the validity of such claims and advise the Court as to the claims which should be voided or allowed.
 "3. The Special Master is further directed to review the accounting made by co-executors and to make a determination as to the reasonableness and accuracy of such accounting and further advise the Court regarding the receipts and disbursements by co-executors. *Page 1355 
 "4. The Special Master is further directed to review the evidence propounded by all parties pertaining to the valuation of the timber located on the property in Baldwin County, Alabama, and advise the Court as to the values attributable to the timber sold from said property as well as the valuation, if any, representing diminution in value of the timber of said property due to mismanagement, if any, by the co-executors.
 "5. The Special Master is hereby directed to fully account for the receipts and disbursements comprising the management of the Estate of Jessie Carl Hall, deceased, and report to this Court any and all recommendations pertaining to such accounting.
 "6. The Special Master shall also review any other matters that the Court directs after the date hereof."
By this same order, the court ruled that Bessie Newell Hall had no interest in the Baldwin County property and that she was not entitled to the income therefrom.
On March 26, 1987, the special master filed a 20-page report which included an accounting of all estate property; a determination that the estate debts previously approved by the probate court were improperly paid, and a finding that their payment constituted a breach of fiduciary duty by the co-executors; a finding that certain expenses incurred during administration of the estate were not valid charges against the estate; a finding that the co-executors had breached their fiduciary duty by mismanagement of the Baldwin County property; a finding that Mazzone was entitled to an award of attorney fees from the estate; a finding that the co-executors were not entitled to attorney fees or executors' fees; and a finding that the co-executors should be removed as executors. He recommended that the co-executors be ordered to pay the estate $1,416.00 for the payment of invalid claims against the estate, $16,746.11 for payment of invalid expenses of estate administration, $190,389.34 for breach of fiduciary duty and $86,449.84 for Mazzone's attorney fees. The special master claimed a total of $32,303.45 from the estate as compensation for his services.
On April 6, 1987, the co-executors filed objections to the special master's report and later filed an additional objection, alleging that the special master should have been disqualified from serving in his position because of a conflict of interest.
On December 29, 1987, the trial court entered a judgment and made it final pursuant to Rule 54(b), Ala.R.Civ.P., expressly adopting each of the recommendations made by the special master. It further ruled that the special master had no conflict of interest. The court also determined that Mazzone was the owner of an undivided one-quarter interest in the Baldwin County property. The trial court also assessed punitive damages against the co-executors in the amount of $100,000.
On appeal, the co-executors argue:
 1. That reference to a master was improper and the master should have been disqualified from service;
 2. That the trial court failed to determine that the findings of the master were not clearly erroneous; and
 3. That the trial court erred in ruling that certain real property located in Baldwin County was property of the estate and that Mazzone was entitled to an interest therein.
We hold that appellants' first contention is without merit. Rule 53(b), Ala.R.Civ.P., states:
 "A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it."
(Emphasis added.)
It is clear from the trial court's order appointing the special master that his duties involved "matters of account and of difficult computation of damages." Thus, *Page 1356 
no showing of "some exceptional condition" was required. Moreover, the appointment of a master is discretionary with the trial court. Committee Comments, Rule 53, Ala.R.Civ.P. We cannot say from the evidence presented in this case that there was a clear abuse of discretion by the trial judge.
Likewise, the appellants' argument that the special master should have been disqualified due to a conflict of interest is without merit.
 "In Alabama a judge [and appointed master] is presumed to be qualified and unbiased, with the burden on the moving party to prove to the contrary. Wells v. Wells, 346 So.2d 442
(Ala.Civ.App.), cert. denied, 346 So.2d 444 (Ala. 1977). Furthermore, the degree of prejudice necessary for disqualifying a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case. It must be of a character, personal in nature, calculated to seriously impair his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity. Ross v. Luton, [456 So.2d 249
(Ala. 1984)]. Thus, it can be said that recusal is required under Canon 3 C(1) when facts are such that a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find that there is a reasonable basis for questioning the judge's impartiality, and there is proof of supporting facts. In the Matter of Sheffield, 465 So.2d 350 (Ala. 1984)."
Ex parte Rives, 511 So.2d 514, 517 (Ala.Civ.App. 1986).
After a thorough review of the record, we can find no reasonable basis for questioning the master's impartiality.
Appellants next argue that the trial court erred in failing to determine that the findings of the master were not clearly erroneous. We note that:
 "[A] court accepts a master's findings of fact in non-jury actions unless clearly erroneous; and to the extent the trial court has adopted the findings of a master, this same standard applies to an appellate review of these findings. Rule 53(e)(2), Ala.R.Civ. P., and committee comments to Rule 53, Rule 52, Ala.R. Civ.P., and committee comments to Rule 52. In essence, a master's report is accorded the same weight as a jury verdict and, therefore, is not to be disturbed unless it is palpably and plainly wrong. Patterson v. Lovelady, 233 Ala. 554, 556, 172 So. 646, 648 (1937)."
Burgess Mining Construction Corp. v. Lees, 440 So.2d 321, 327
(Ala. 1983). (Emphasis original.)
We cannot say that the master's report was palpably and plainly wrong; therefore, we find that the master's findings were not clearly erroneous and that the trial court did not err in adopting those findings.
Finally, appellants argue that the trial court erred in ruling that certain real property located in Baldwin County was property of the estate and that Mazzone was entitled to an interest therein.
 "As we have countless times stated, where, as here, the trial court's findings are based upon evidence heard ore tenus, those findings are favored with a presumption of correctness and will not be disturbed on appeal if supported by evidence or any reasonable inference therefrom, unless plainly and palpably erroneous or manifestly unjust. Chaffin v. Hall, 439 So.2d 67 (Ala. 1983)."
Davis v. Owen, 461 So.2d 1300, 1302 (Ala. 1984).
The findings of the trial court are not plainly and palpably erroneous or manifestly unjust and should not, therefore, be disturbed on appeal.
We hold, therefore, that the appointment of the special master by the trial court was not an abuse of discretion and that there was not a reasonable basis for questioning the special master's impartiality so as to require his recusal in this case; that the findings of the special master were not palpably and plainly wrong, and the trial court did not err in adopting those findings; and that the determination by the trial court that the Baldwin County property was property of the estate was not plainly and palpably erroneous or manifestly unjust. *Page 1357 
Due to the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.