BOLIN, Justice.
 

 The Alabama State Personnel Board, an agency of the State of Alabama (“the Board”), petitions this Court for a writ of mandamus directing the trial court to vacate its order referring the underlying case to a special master. We grant the petition and issue the writ.
 

 Facts and Procedural History
 

 On July 15, 2009, Nationwide Retirement Solutions, Inc. (“NRS”), filed an in-terpleader action against the Board, PEBCO, Inc., and the Alabama State Employees Association (“ASEA”), depositing $432,740 in the court. The complaint provided that future sums would also be added to the interpleaded amount. The moneys interpleaded by NRS involve a supplemental retirement plan available to State employees called the “Alabama State Employees Deferred Compensation Plan” (“the plan”), which is administered by NRS. The plan permits State employees to save for retirement on a tax-deferred basis, deferring a portion of their income in accordance with § 457 of the Internal Revenue Code. The Board sponsors the plan and is its fiduciary. Pursuant to § 36-26-14, Ala.Code 1975, the Board adopts the plan as recommended by State employees through ASEA. NRS alleged that the Board and ASEA both claimed a legal right to the moneys, and NRS was seeking direction from the court regarding the payment of the moneys and an order discharging NRS and its affiliated company, Nationwide Life Insurance Company, from liability.
 

 On August 20, 2009, ASEA and PEBCO each filed a motion to dismiss the inter-pleader complaint, arguing that they had settled claims alleging that NRS and Nationwide had been paying “kickbacks” in the form of unauthorized commissions, expenses, and fees to ASEA and PEBCO,
 
 *889
 
 benefiting them at the expense of the plan and its participants. Both ASEA and PEBCO also asked that the Board be ordered to stop interfering with the Securities and Exchange Commission, which made the original allegations involving the kickback scheme.
 

 On August 21, 2009, the Board filed its answer and filed cross-claims against ASEA and PEBCO and added claims against seven individuals, who are officers and employees of ASEA and PEBCO.
 
 [1]
 
 The Board alleged that it recently discovered that improper payments had been made to ASEA and/or PEBCO from NRS and/or Nationwide and that the amounts due on those payments from 2009 were the funds that were the subject of the inter-pleader action. The Board further alleged that improper payments had been made each year since 2000. The Board asserted that it was entitled to the interpleaded funds and that there should be an accounting from ASEA, PEBCO, and the seven named individual defendants. The Board also asserted claims of breach of fiduciary duty, fraud, fraudulent suppression, and conspiracy. The Board demanded a jury trial on those claims triable of right by a jury.
 

 On September 10, 2009, Twanna Brown, a State employee and a member of ASEA and of the plan, moved to intervene in the action. She also sought certification of a class action on behalf of all ASEA members and plan participants.
 
 [2]
 

 On December 16, 2009, the trial court entered the following order:
 

 “It has become apparent that the appointment of a special master is necessary to hear pending motions and other matters and make recommended orders. Pursuant to Rule 58, Ala. R. Civ. P., it is hereby ordered that Frank Wilson is appointed special master to hear all matters in the above-styled case.
 

 “The special master shall have the rights, powers, and duties provided in Rule 58 and may adopt such procedures as are not inconsistent with that rule or with this or other orders of the Court.
 

 “The special master shall make findings of fact, as necessary, and conclusions of law with respect to matters presented by the parties, and he shall report expeditiously to the Court.
 

 “Compensation at rates mutually agreeable to the special master and the parties shall be paid to the special master on a monthly basis by the parties, together with reimbursement for reasonable expenses incurred by the special master. If the parties and the special master are unable to agree upon the compensation, it shall be fixed by the Court. The special master shall, within five (5) days, inform the Court if he and the parties have agreed upon his compensation.”
 

 On December 21, 2009, the Board filed an objection to the court’s appointment of a special master and moved the court to vacate that order or, in the alternative, to modify the order appointing the special master so that the appointment was only for issues directly related to accounting work that may arise in the case. Brown also filed a motion objecting to the appointment.
 

 On January 26, 2010, the Board filed this petition for a writ of mandamus. That same day, the Board amended its plead
 
 *890
 
 ings to add a new defendant, AON Consulting, Inc., and to add additional claims against ASEA, PEBCO, and the seven named individual defendants.
 

 On January 28, 2010, the trial court held a status hearing. The trial court appears to have anticipated that the parties would have a contentious discovery process and that the special master would hear those issues, among others. The court also indicated that it would terminate the special master’s appointment if the parties did not get into “a lot of fights.” Ultimately, the trial court stated that it would hold another status conference and then decide how to use the special master.
 

 On February 4, 2010, the trial court entered an order amending its order appointing the special master:
 

 “This matter is before the Court on the Objection of the Alabama State Personnel Board ... to the Appointment of a Special Master, and Motion to Vacate and/or Modify The Court’s Order Appointing the Special Master.
 

 “[NRS] filed a complaint to interplead approximately $1,000,000.00 into the court to determine to whom the money should be awarded. [The Board,] PEB-CO, Inc. (‘PEBCO’), and the Alabama State Employees Association (‘ASEA’) are named as defendants.
 

 “[The Board] filed a cross-claim that contains thirteen counts, as amended. The counts are as follows:
 

 “Count 1: claim for the interpled funds, against ASEA, PEBCO, and Edwin J. McArthur, Steve Walkley, Glenn Parker, Ulysses Lavender, Diana McLain, Randy Hebson, and Robert Wagstaff (‘seven individual named defendants’);
 

 “Count 2: accounting, against ASEA, PEBCO, and seven individual named defendants;
 

 “Count 3: breach of fiduciary duties, against ASEA, PEBCO, seven individual named defendants, and AON Consulting (‘AON’);
 

 “Count 4: fraud, against ASEA;
 

 “Count 5: fraudulent suppression, against ASEA;
 

 “Count 6: conspiracy, against ASEA, PEBCO, and seven individual named defendants;
 

 “Count 7: conspiracy, against AON;
 

 “Count 8: breach of contract, against AON;
 

 “Count 9: conspiracy, against ASEA, PEBCO, seven individual named defendants, and AON;
 

 “Count 10: conversion, against ASEA, PEBCO, and seven individual named defendants;
 

 “Count 11: unjust enrichment, against ASEA, PEBCO, seven individual named defendants, and AON;
 

 “Count 12: declaratory judgment, against ASEA, PEBCO, and seven individual named defendants;
 

 “Count 13: wrongful interference with contractual relationship, against ASEA, PEBCO, seven individual named defendants, and AON.
 

 “In addition, [the Board] is seeking injunctive relief, equitable relief, monetary damages, and an accounting. The relief sought, as well as the accounting, is not a simple mathematical determination. This Court believes this will be difficult to compute. [The Board] has requested a jury trial on all issues that could be tried before a jury but could not specify the issues that would be tried jury and non-jury.
 

 “There has also been a motion to intervene filed by Twanna Brown (‘Brown’) as a member of ASEA and seeks a class action certification on behalf of all members of ASEA. This
 
 *891
 
 complaint contains four counts against all named parties: ASEA, Nationwide, PEBCO, and seven individual named defendants:
 

 “Count 1: conspiracy;
 

 “Count 2: breach of fiduciary duty;
 

 “Count 3: declaratory and injunctive relief seeking the removal of officers and directors;
 

 “Count 4: derivative claim.
 

 “To clarify its previous order appointing the Special Master, this Court will preside over the trial of this case, determine all matters of the requested relief including, but not limited to, dispositive motions, monetary damages, equitable relief, injunctive relief, and determine all evidentiary issues.
 

 “This Court has appointed and is currently using without objection by the State of Alabama a Special Master in approximately thirty cases wherein corporations sought refunds of franchise taxes from the Alabama Department of Revenue. Likewise, another Circuit Judge in this Circuit has appointed two Special Masters in cases involving the Alabama Medicaid Agency and pharmaceutical companies. Special Masters have been appointed by the judges in the 15th Judicial Circuit as ‘an exception’ and not as a general rule.
 

 “There are approximately thirteen attorneys representing several different parties with claims for equitable and injunctive relief, and monetary damages. There are nonjury and jury demands, cross-claims, counterclaims, and third party claims involving complex issues. In addition, the parties cannot agree on whether or not the monies should be interpled to the Court. This Court has determined from the arguments of the parties, the pleadings, and motions filed that this case is complicated and meets the criteria stated in Rule 53, Ala. R. Civ. P., for the appointment of a Special Master. Absent an agreement between the parties, the Court will reserve ruling on whether or not [the Board] will have to pay its share of the fee of the Special Master until a future date.
 

 “Based on the foregoing, it is the opinion of this Court that a Special Master is necessary in this case. Accordingly, the request by [the Board] for this Court to modify its previous order is granted as stated herein; however, the Motion by [the Board] is denied.”
 

 That same day, Brown filed a motion to withdraw her motion to intervene. On March 10, 2010, this Court ordered answers and briefs.
 

 Standard of Review
 

 “ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ”
 

 Ex parte Novartis Pharm. Corp.,
 
 975 So.2d 297, 299 (Ala.2007)(quoting
 
 Ex parte Perfection Siding, Inc.,
 
 882 So.2d 307, 309-10 (Ala.2003), quoting in turn
 
 Ex parte Integon Corp.,
 
 672 So.2d 497, 499 (Ala.1995)).
 

 “ ‘ “In cases involving the exercise of discretion by an inferior court, [the writ of] mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review the exercise of discretion, except in a case [where the trial court has exceeded its discretion].” ’ ”
 
 Ex parte Monsanto Co.,
 
 794 So.2d 350, 351-52 (Ala.2001) (quoting
 
 Ex parte Auto-Owners Ins. Co.,
 
 548 So.2d 1029, 1030 (Ala.1989), quoting in turn
 
 Ex
 
 
 *892
 

 parte Edgar,
 
 543 So.2d 682, 685 (Ala.1989)).
 

 Arguments
 

 The Board argues that the trial court exceeded its discretion in issuing the order of December 16, 2009, referring all matters to a special master where there was no showing as required by Rule 53(b), Ala. R. Civ. P., that the computation of damages was difficult, the issues were complicated, or there was some exceptional condition warranting the appointment of a special master. The Board also argues that the trial court erred in requiring in its December 16, 2009, order the State to pay fees to a special master in contravention to Art. I, § 14, Ala. Const.1901.
 

 ASEA, PEBCO, the seven named individual defendants, and NRS (“the respondents”) argue that the Board cannot meet the heavy burden of proof required for mandamus relief. Citing
 
 Ex parte Novartis Pharmaceuticals Corp.,
 
 991 So.2d 1263 (Ala.2008)(holding that, like an appeal, a petition for a writ of mandamus may be dismissed if, while the petition is pending, an event occurs that renders it impossible for the appellate court to grant the requested relief), they argue that the trial court’s amended order of February 4, 2010, moots the Board’s petition. The respondents further argue that the February 4, 2010, order expressly found that the issues before a jury would be complicated and that the nonjury issues involved exceptional circumstances, as required by Rule 53.
 

 In response to the respondents’ argument that the trial court’s amended order moots the petition, the Board argues that the trial court’s amended order of February 4, 2010, makes a mere conclusory statement that the case is complicated, which statement it argues is not supported by the record, and that the modification to the special master’s authority did not remedy the trial court’s violation of the Board’s right to a trial by jury because, it says, the amended order improperly delegated the court’s judicial function.
 

 Discussion
 

 We agree with the respondents that the trial court’s order of December 16, 2009, was rendered moot by the amended order of February 4, 2010. Because no party objects to this Court’s consideration of the February 4, 2010, amended order, and because the parties, in fact, argue the merits of the February 4, 2010, order, it would be a waste of judicial resources to dismiss the Board’s petition, which was filed on January 26, 2010, as moot.
 

 Rule 53, Ala. R. Civ. P., provides that a court may appoint a special master. Rule 53(b), Ala. R. Civ. P., sets out the occasions upon which the appointment of a special master is appropriate and provides as follows:
 

 “(b) Reference. A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.”
 

 The appointment of a special master lies within the sound discretion of the trial court, and its decision to appoint a special master should not be reversed unless the trial court clearly exceeds that discretion.
 
 Hall v. Mazzone,
 
 540 So.2d 1353 (Ala.1988). In a jury trial, a case should be referred to a special master only if the issues are “complicated”; those matters to be tried without a jury are to be referred to a special master only upon finding of “some exceptional condition” re
 
 *893
 
 quiring such referral, unless a claim requires an accounting or a difficult computation of damages. We emphasize the sentence in Rule 53(b) that precedes the applicable standard (jury or nonjury) that tells us that the reference to a special master is the exception not the rule. “Because of the increased costs, likelihood of delay, and possible lack of confidence in the outcome, the power to order a reference is to be sparingly exercised. See
 
 Adventures in Good Eating, Inc. v. Best Places to Eat, Inc.,
 
 131 F.2d 809, 815 (7th Cir.1942).” Committee Comments on 1973 Adoption of Rule 53.
 

 Because the Alabama Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal cases construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure.
 
 Borders v. City of Huntsville,
 
 875 So.2d 1168, 1176 n. 2 (Ala.2003). Rule 53, Ala. R. Civ. P., is substantially similar to Rule 53, Fed. R. Civ. P.
 
 [3]
 

 Referring fundamental issues of liability to a special master for adjudication, over objection, is not permitted.
 
 Stauble v. Warrob, Inc.,
 
 977 F.2d 690 (1st Cir.1992). “Determining bottom-line legal questions is the responsibility of the court itself.... Because determining a fundamental question of liability goes beyond mere assistance and reaches the essential judicial function identified by Article III, [United States Constitution,] Rule 53[, Fed.R.Civ.P.,] does not allow the responsibility for making such judgments to be delegated to masters (or other persons not of Article III stature) in the face of a contemporaneous objection.” 977 F.2d at 695. “Rule 53 ... authorizes the appointment of special masters to
 
 assist,
 
 not to replace, the adjudicator, whether judge or jury, constitutionally indicated for federal court litigation.”
 
 In re Bituminous Coal Operators’ Ass’n, Inc.,
 
 949 F.2d 1165, 1168 (D.C.Cir.1991). “Actions for fraud are particularly inappropriate for reference to a master, ‘save in extraordinary or exceptional cases.’ ”
 
 Bradshaw v. Thompson,
 
 454 F.2d 75, 80 (6th Cir.1972). “A district court has no discretion to delegate its adjudicatory responsibility in favor of a decision maker who has not been appointed by the President and confirmed by the Senate.”
 
 Prudential Ins. Co. of America v. United States Gypsum Co.,
 
 991 F.2d 1080, 1086 (3d Cir.1993).
 

 In Alabama, Art. I, § 10, Alabama Constitution of 1901, provides “[t]hat no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party.” Section 11 provides “[t]hat the right to trial by jury shall remain inviolate.” Section 13 provides “[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay.” Article VI, § 139(a), provides:
 

 
 *894
 
 “Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.”
 

 The judicial power of this State must be exercised by courts having the attributes prescribed in the Alabama Constitution.
 

 In
 
 Ex parte Flexible Products Co.,
 
 915 So.2d 84 (Ala.2005), the trial court in consolidated tort actions appointed a special master to conduct jury trials on damages in the individual cases. This Court stated:
 

 “Rule 53 does not envision that a trial court could appoint a special master with the authority to conduct a jury trial. Moreover, we cannot conclude that Rule 53, a rule of procedure, is sufficiently broad to vest the trial court with authority to appoint a special master with the same authority as is ‘exclusively vested’ in the judicial system. Ala. Const.1901, Amend. No. 328, § 6.01 [§ 139, Ala. Const. 1901 (Off.Recomp.) ].
 

 “This Court has stated:
 

 “ ‘The function of a “judge” is to determine controversies between litigants, and they are not advisers.
 
 In re Richardson,
 
 247 N.Y. 401, 160 N.E. 655 [ (1928) ]. A “judge” is one who presides over a court.
 
 State ex rel. Madden v. Crawford,
 
 207 Or. 76, 295 P.2d 174 [ (1956) ]. His “judicial acts” are the performance of duties which have been confided to him as a judicial officer to be exercised in a judicial way.
 
 Supervisors of Onondaga v. Briggs,
 
 (N.Y.) 2 Denio 26 [(1846)].
 

 “‘As stated by Chancellor Kent, “The general rule is that judicial offices must be exercised in person, and that a judge cannot delegate his authority to another. I do not know of any exception to this rule with us.” 3 Kent Com. 12th Ed. 457.’
 

 “Opinion of the Justices No. 187,
 
 280 Ala. 653, 658, 197 So.2d 456, 461 (1967). Further, the courts of this State have recognized that judicial functions, such as declaring a mistrial,
 
 Parham v. State,
 
 47 Ala.App. 76, 250 So.2d 613, 617 (Ala.Crim.App.1971), or striking jurors,
 
 Russaw v. State,
 
 572 So.2d 1288 (Ala.Crim.App.1990), may not be delegated in the absence of specific statutory authority.”
 

 915 So.2d at 54. “[W]e recognize that a court may not delegate a judicial function [to a special master].”
 
 Ex parte Mid-Continent Sys., Inc.,
 
 447 So.2d 717, 720 (Ala.1984).
 

 In its February 4, 2010, order, the trial court stated that it was clarifying its previous order and then stated that the court would preside over the trial; would determine all matters regarding the requested relief, including, but not limited to, dispositive motions, monetary damages, equitable relief, and injunctive relief; and would determine all evidentiary issues. The trial court also stated its reasons for referring the case to a special master.
 

 Rule 53(c), Ala. R. Civ. P., governs the powers and duties of a special master and provides as follows:
 

 “(c) Powers. The order of reference to the master may specify or limit the master’s powers and may direct the master to report only upon particular issues or to do or perform particular acts or to receive and report evidence only and may fix the time and place for beginning and closing the hearings and for the filing of the master’s report. Subject to the specifications and limita
 
 *895
 
 tions stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before the master and to do all acts and take all measures necessary or proper for the efficient performance of the master’s duties under the order. The master may require the production before the master of evidence upon all matters embraced in the reference, including the production of all books, papers, vouchers, documents, and writings applicable thereto. The master may rule upon the admissibility of evidence unless otherwise directed by the order of reference and has the authority to put witnesses on oath and may examine them and may call the parties to the action and examine them upon oath. When a party so requests, the master shall make a record of the evidence offered and excluded in the same manner and subject to the same limitations as provided in the Alabama Rules of Evidence for a court sitting without a jury.”
 

 A case is assigned to a special master by an order of reference for the special master to follow. “The power of a special master is completely dependent upon the order of reference.”
 
 United States v. International Bus. Machs. Corp.,
 
 66 F.R.D. 154, 158 (S.D.N.Y.1974). “The object, of course, is to give the master as much latitude as possible in achieving the objectives of the reference with a minimum of judicial intervention.” 9C Charles A. Wright
 
 &
 
 Arthur R. Miller,
 
 Federal Practice and Procedure
 
 § 2609 at 617 (2008). Here, the amended order sets out the trial court’s responsibilities without delineating the special master’s charge, other than by an omnibus pourover of responsibility. The trial court recognized that both jury and nonjury claims were involved, but the court did not distinguish the special master’s duties as to the claims. Even if the order of reference had not been ambiguous, the trial court’s stated reasons for referring the case to a special master did not support the reference, nor does anything attached to the mandamus petition or the respondents’ briefs support a reference.
 

 The trial court justified referring the cases to a special master by citing the number of attorneys representing the different parties and the fact that there are claims seeking both equitable and injunc-tive relief and money damages. The trial court also states that there are nonjury and jury demands, cross-claims, counterclaims, and third-party claims involving complex issues. In addition, the trial court states as a reason for the reference to a special master that the parties cannot agree on whether the moneys should be interpleaded to the court.
 

 As noted earlier, the trial court’s appointment of a special master will not be reversed unless the trial court has exceeded its discretion in making the appointment. The trial court recognized that there were jury and nonjury claims involved in this case. Where there is a demand for a jury trial, the reference to a special master shall be made only when the issues are complicated. “In view of the powers given to District Courts by Federal Rule of Civil Procedure 58(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury to adequately handle alone, the burden of such a showing is considerably increased and it will indeed by a rare case in which it can be met.”
 
 Dairy Queen, Inc. v. Wood,
 
 369 U.S. 469, 478, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) (footnotes omitted). “[T]he minimum required is a demonstration that over and beyond a mere numerical quantitative analysis, the case is intrinsically complex.”
 
 In re Watkins,
 
 271 F.2d 771, 774 (5th
 
 *896
 
 Cir.1959). Citing
 
 Watkins, supra,
 
 the Supreme Court held: “Even this limited inroad upon the right to trial by jury 'should seldom be made, and if at all only when unusual circumstances exist.’ ”
 
 Dairy Queen Inc.,
 
 369 U.S. at 478 n. 18 (quoting
 
 La Buy v. Howes Leather Co.,
 
 352 U.S. 249, 258, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957)). The alleged kickback scheme here is not so complicated or technical as to require reference to a special master. Cf.
 
 In re “Agent Orange” Prod Liab. Litig.,
 
 94 F.R.D. 173, 174 (E.D.N.Y.1982) (referencing discovery issues in products-liability case to special master was appropriate because of “the magnitude of the case, the complexity of the anticipated discovery problems, the sheer volume of documents to be reviewed, ... the number of witnesses to be deposed, [and] the need for a speedy processing of all discovery problems in order to meet the trial date”). The number of allegedly improper financial transactions does not appear to be large, although they allegedly occurred over a 10-year period. Cf.
 
 Burgess v. Williams,
 
 302 F.2d 91 (4th Cir.1962) (holding that trial court did not exceed its discretion in referring to a special master a bankruptcy issue requiring factual findings regarding the nature of each of 1,500 individual financial contributors). The fact that 13 attorneys are involved and that the parties have filed counterclaims, cross-claims, and third-party claims does not automatically justify reference to a special master, because under the facts of this case the pleadings are seeking recovery from the same alleged kickback scheme. Cf.
 
 Chisolm v. TranSouth Fin. Corp.,
 
 194 F.R.D. 538 (E.D.Va.2000) (holding that Rule 53 standard was met where the action involved seven different legal theories of liability from the plaintiffs, exculpatory theories from the defendant, and a putative class in excess of 2,500).
 

 The Board requested a declaratory judgment, injunctive relief, and an accounting, and there is the issue of who is entitled to the interpleaded funds. With regard these nonjury actions, a reference to a special master should be made only upon a showing that some exceptional condition requires it. Cf.
 
 Gary W. v. Louisiana,
 
 601 F.2d 240, 244-45 (5th Cir.1979) (trial court did not exceed its discretion in appointing a special master to oversee the implementation of an injunctive order where a significant number of children were involved and had not be accorded the relief ordered by the court);
 
 Johnson Fare Box Co. v. National Rejectors, Inc.,
 
 269 F.2d 348, 351 (8th Cir.1959) (holding that district court did not exceed its discretion in referring “all issues of fact and law” in complicated patent-infringement case to a special master for comprehensive report and recommendation). The Board recognized in its pleadings that a special master might be necessary for the purpose of an accounting, but the trial court’s amended order does not limit the special master to an accounting. Additionally, no showing of an “exceptional condition” is required when “matters of account and of difficult computation of damages” are involved.
 
 Hall v. Mazzone,
 
 540 So.2d at 1356. The fact that an accounting may be required does not in itself offer a basis for reference to a special master.
 
 Hanover Ins. Co. v. Emmaus Mun. Auth.,
 
 38 F.R.D. 470 (E.D.Pa.1965). A disagreement between the parties regarding the interpleading of disputed funds is not an exceptional condition warranting a reference to a special master.
 

 In
 
 La Buy v. Howes Leather Co.,
 
 352 U.S. at 256, the Supreme Court affirmed the appellate court’s issuance of a writ of mandamus compelling the district court to vacate its order of reference of two complex antitrust cases to a special master for trial. The Court stated:
 

 
 *897
 
 “[The trial judge] referred both suits to a master on the general issue. Furthermore, neither the existence of the alleged conspiracy nor the question of liability vel non had been determined in either case. These issues, as well as the damages, if any, and the question concerning the issuance of an injunction, were likewise included in the references. Under all of the circumstances, we believe the Court of Appeals was justified in finding the orders of reference were an abuse of the petitioner’s power under Rule 53(b)[, Fed.R.Civ.P.]. They amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation.”
 

 The trial judge cites other cases in which he and other judges in his circuit are currently using a special master. Although referencing a special master may be appropriate in other cases, the appointment of a special master is determined by the particular facts in each case. Rule 53 states that appointing a special master should be the exception and not the rule, but “a number of cases have established that this is not an impossible standard to meet.”
 
 United States v. Conservation Chem. Co.,
 
 106 F.R.D. 210 (W.D.Mo.1985). The trial court’s justification in its amended order for the reference — multiple parties and counsel and the presence of Rule 13, Ala. R. Civ. P., and Rule 14, Ala. R. Civ. P., pleadings — would make the umbrella of the “exception” larger than the general rule.
 

 Based on the foregoing, we order the trial court to vacate its amended order of February 4, 2010, referring the case to a special master.
 

 PETITION GRANTED; WRIT ISSUED.
 

 LYONS, WOODALL, STUART, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 COBB, C.J., and SMITH, J., recuse themselves.
 

 [1]
 

 . The seven individual defendants are Edwin J. McArthur, Steve Walkley, Glenn Parker, Ulysses Lavender, Diana McLain, Randy Heb-son, and Robert Wagstaff.
 

 [2]
 

 . At the time she filed her motion to intervene here, Brown had filed a class action in Jefferson County, which is still pending.
 

 [3]
 

 . "Ala. R. Civ. P. Rule 53(a) contains a reference to courts to which these rules are applicable while Fed.R.Civ.P. Rule 53(a) refers to district court. Ala. R. Civ. P. Rule 53(a) does not contain reference to terminology appropriate to admiralty practice, wherein Fed. R.Civ.P. Rule 53(a) contains such terminology. Ala. R. Civ. P. Rule 53(a) second sentence, contains a prohibition against the interested master, whereas Fed.R.Civ.P. Rule 53(a) does not contain such a prohibition. Fed. R.Civ.P. Rule 53 has several variations made necessary by the availability of United States Magistrate Judges.”
 

 2 Champ Lyons, Jr., & Ally W. Howell,
 
 Alabama Rules Civil Procedure Annotated
 
 § 53.8 (4th ed. 2004).