MOORE, Judge.
Paula Parker appeals from a judgment entered by the Marshall Circuit Court (“the circuit court”) approving the final settlement of an estate, specifically challenging an order adopting the recommendation of a special master, who was appointed pursuant to Rule 53, Ala. R. Civ. P. We reverse the circuit court’s judgment.
Procedural History
On April ,13, 2013, John David Parker (“the decedent”) died testate. On May 24, 2013, Paula, the decedent’s surviving spouse, and Rebecca Parker Shah, the decedent’s daughter from a previous marriage, filed a petition in the Madison Probate Court (“the probate court”) to probate the will of the decedent. On May 31, 2013, the decedent’s will was admitted to probate and letters testamentary were issued to Paula' and Rebecca. On November 27, 2013, Paula filed a petition to remove the administration of the estate to the circuit court; she also filed a petition seeking to receive her elective share as a surviving spouse.[1] On January 8, 2014, the circuit court granted the petition to remove.
On April 22, 2014, the circuit court appointed attorney David Roadruck as a special master, pursuant to Rule 53, Ala. R. Civ, P„ and ordered him to make a recommendation regarding the amount each party was to receive as his or her share of the decedent’s estate. On February 17, 2016, the special master filed his recommendation with the circuit court. On February 18, 2016, the circuit court entered an order in' accordance with' the special master’s recommendation. On March 18, 2016, Paula filed a motion to “alter, amend, or vacate” the February 18, 2016, order. Paula argued, among other things, that “the Special Master failed to serve [her] with his Recommendation in accordance with Rule 53(e)(1)[, Ala. R. Civ. P., and that,] therefore, [she had been] deprived of any opportunity to object prior to the Court’s Order adopting the Recommendation.” The circuit court set the motion for a hearing,' and on March 31, 2016, after the hearing, the circuit court entered an order denying the motion and stating that “[t]he Recommendation of the Special Master is attached to this Order.”
On May 5, 2016, the circuit court entered a judgment approving a final settlement of the estate. That judgment specifically stated: “That service of the Recommendation of the Special Master did occur on February 18, 2016, through the Alabama ! e-filing system when the Court entered its order on that date, or, alternatively, when this Court attached the Recommendation of the Special Master to it's Order entered March 31, 2016.” On May 12, 2016, Paula filed her notice of appéal tó' the Alabama Supreme Court; that court subsequently transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Discussion
On appeal, Paula argues that the circuit court’s appointment of a special master did not comply with Rule 53.[2] “The appointment of a special master lies within *196 the sound discretion of the trial court, and its decision to appoint a special master should not be reversed unless the trial court clearly exceeds that discretion.” Ex parte Alabama State Pers. Bd., 54 So.3d 886, 892 (Ala. 2010). Rule 53(b), Ala. R. Civ. P., provides, in pertinent part: “[I]n actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.”
Section 43-8-70(a), Ala. Code 1975, provides that a surviving spouses’s elective share is the lesser of:
“(1) All of the estate of the deceased reduced by the value of the surviving spouse’s separate estate; or
“(2) One-third of the estate of the deceased.”
Thus, in order to determine Paula’s elective share, the circuit court must have first calculated the values of Paula’s separate estate and the decedent’s estate. This case involved multiple properties with disputed individual values; the total value of the properties at issue was over $2 million. The evidence included valuations by a certified public accountant and real-estate appraisals. Considering the complexity of the accounting and computations in this matter, we cannot conclude that the circuit court exceeded its discretion in appointing a special master.
Paula also argues that the special master acted outside his scope of authority by determining the legal issue of whether certain property should have been included in the “estate” of the decedent. The circuit court ordered the special master “to make recommendations ... as [to] sums [parties are] to receive.” As noted previously, in order to determine Paula’s elective share under § 43-8-70(a), the values of Paula’s separate estate and the decedent’s estate had to have first been determined. In order to make those determinations as ordered, the special master had to make the threshold determination as to what property composed the decedent’s estate. Rule 53(e)(1) specifies that a special master has the authority to make conclusions of law if he or she is required to do so in order to carry out the circuit court’s directives. In this case, because the special master was required to determine what properties were included in the decedent’s estate in order to carry out the circuit court’s instructions, we cannot conclude that there was any error in this regard.
Paula also argues that the special master failed to serve her with his report and recommendation and that the circuit court entered an order in accordance with the special master’s recommendation without giving her 10 days to object. Rule 53(e) provides, in pertinent part:
“(1) Contents and Filing. The master shall prepare a report upon the matters submitted to the master by the order of reference and, if required to make findings of fact and conclusions of law, the master shall set them forth in the report. The master shall file the report with the clerk of the court and serve on all parties notice of the filing. In an action to be tried without a jury, unless otherwise directed by the order of reference, the master shall file with the report a transcript of the proceedings and of the evidence and the original exhibits. Unless otherwise directed by order of reference, the master shall serve a copy of the report on each party.
“(2) In Nonjury Actions. In an action to be tried without a jury the court shall accept the master’s findings of fact unless clearly erroneous. Within ten (10) days after being served with notice of the filing of the report any party shall serve any written objections thereto upon the other parties. Applications to the court for action upon the report and upon objections thereto shall be by mo *197 tion and upon notice as prescribed in Rule 6(d)[, Ala. R. Civ. App.]. The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.”
In the present case, the record indicates that the special master filed his recommendation with the circuit court but did not serve it on Paula. The day after the recommendation was filed, the circuit court entered an order adopting the special master’s recommendation.
In Johnson v. Willis, 893 So.2d 1138, 1141-42 (Ala. 2004), our supreme court reversed a judgment when the circuit court failed to “follow the appropriate procedure for adopting a special master’s report.” In the present case, because the special master failed to serve Paula with a copy of the recommendation and Paula was not given the requisite 10 days to object before the circuit court entered its order adopting the special master’s recommendation, it is clear that Rule 53 was not followed. Therefore, we reverse the circuit court’s order adopting the special master’s recommendation, as well as the judgment approving the final settlement of the estate, and remand this cause for further proceedings in accordance with Rule 53 and this opinion. Johnson, 893 So. 3d at 1141-42. Although Paula makes additional arguments regarding the merits of this case, we decline to address those arguments in light of our reversal for noncompliance with Rule 53. Id.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. Paula also filed a will contest; that contest was later dismissed. The will contest is not an issue in this appeal.

. We note that Paula arguably waived this argument by failing to object to the appointment until after the order was entered on the special master's report and recommendation.