THOMAS, Judge.
In February 2017, I.W.M. applied to the Alabama Medicaid Agency ("Medicaid"), seeking nursing-home benefits for his wife, J.C.M., who had been, and continues to be, a resident of a nursing home in Montgomery. On July 5, 2017, after performing a spousal-resource assessment, Medicaid denied the request for benefits for J.C.M. J.C.M. sought review of Medicaid's decision by filing in the Montgomery Circuit Court ("the trial court") a petition for judicial review and a request that the cost *327 bond be waived. The trial court waived the cost bond, and Medicaid filed a motion to dismiss the petition and sought vacation of the order waiving the cost bond. The trial court denied the motion to waive the cost bond by order on April 20, 2018. On that same date, the trial court entered an order referring the action to a special master ("the referral order"). The referral order reads as follows:
"It has become apparent that the appointment of a Special Master is necessary to hear pending motions and other matters and make recommended orders. Pursuant to Rule 53, Ala. R. Civ. P., it is hereby ORDERED that Micheal Jackson is appointed Special Master to hear all matters in the above-styled case.
"The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other orders of the Court.
"The Special Master shall make findings of fact, as necessary, and conclusions of law with respect to matters presented by the parties and shall report expeditiously to the Court.
"Compensation at rates mutually agreeable to the Special Master and the parties shall be paid to the Special Master on a monthly basis by the parties, together with reimbursement for reasonable expenses incurred by the Special Master. If the parties and the Special Master are unable to agree upon the compensation, it shall be fixed by the Court. The Special Master shall, within five (5) days, inform the Court if an agreement has been reached as to compensation.
"If practicable, the Special Master shall conduct conferences by telephone."
Medicaid filed a motion on May 1, 2018, requesting that the trial court vacate the referral order. In its motion, Medicaid argued that the trial court had no basis for referring the action to a special master and that the trial court could not order the state to pay the special master. The trial court denied Medicaid's motion on May 7, 2018. Medicaid filed its petition for the writ of mandamus challenging the referral order in this court on May 11, 2018, within 42 days of the entry of the April 20, 2018, referral order. Medicaid moved to stay the proceedings below, and we granted its request. We also called for an answer to the petition, which was submitted, and the petition is now ripe for review.
In its petition, Medicaid argues first that the referral order is overly broad and violates Rule 53(b), Ala. R. Civ. P. Specifically, Medicaid relies on the text of Rule 53(b), which states: "A reference to a master shall be the exception and not the rule.... [I]n actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it." Medicaid also relies on Ex parte Alabama State Personnel Board, 54 So.3d 886 (Ala. 2010), in which our supreme court granted a writ of mandamus requiring the Montgomery Circuit Court to vacate an identical order of reference issued by it.
In Ex parte Alabama State Personnel Board, our supreme court pointed out that " ' Rule 53... authorizes the appointment of special masters to assist, not to replace, the adjudicator, whether judge or jury ....' " 54 So.3d at 893 (quoting In re Bituminous Coal Operators' Ass'n, Inc., 949 F.2d 1165, 1168 (D.C. Cir. 1991) ). In addition, an order of reference to a special master is required to "delineat[e] the special master's charge" so that the special master's authority is clear. Id. at 895. Finally, as our supreme court explained in Ex parte Alabama State Personnel Board, "a reference to a special master should be made only upon a showing that some exceptional condition requires it." Id. at 896.
*328 Nothing in the materials before this court indicates that an "exceptional condition" requiring the appointment of a special master exists. The action involves an administrative appeal and is governed by the Ala. Code 1975, § 41-22-20, a part of the Alabama Administrative Procedure Act ("the AAPA"), codified at Ala. Code 1975, § 41-20-1 et seq. Under the AAPA, a circuit court is typically required to review an administrative agency's decision without a jury, § 41-22-20(j), and must take "the agency order ... as prima facie just and reasonable" and is precluded from "substitut[ing] its judgment for that of the agency as to the weight of the evidence on questions of fact." § 41-22-20(k). The issue raised by J.C.M. is whether Medicaid improperly refused to award her nursing-home benefits; she contends that her one-half interest in certain property should be excluded as an asset under Ala. Admin. Code (Medicaid), Rule 560-X-25-.06(2)(e)(5). Thus, it appears that the issue in this action involves construction of an agency rule and the application of the rule to a set of facts; neither of those matters appears particularly complicated or complex or provides a basis for concluding that there exists an "exceptional condition" meriting the referral of the action to a special master.
Furthermore, the referral order appears to be, as Medicaid asserts, overly broad. The order states that the special master is to "hear pending motions and other matters and make recommended orders" and "to hear all matters in the above-styled case." Such a broad abdication of authority is not proper. See Ex parte Alabama State Pers. Bd., 54 So.3d at 895 (indicating that the order of reference was defective because it failed to specify the authority of the special master "other than by an omnibus pourover of responsibility").
As our supreme court has explained, reference to a special master is to be the exception, not the rule, and only in the case of an "exceptional condition" should an order of reference be made in a nonjury action. Id. at 892-93. " 'Because of the increased costs, likelihood of delay, and possible lack of confidence in the outcome, the power to order a reference is to be sparingly exercised. See Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F.2d 809, 815 (7th Cir. 1942).' " Id. at 893 (quoting Committee Comments on 1973 Adoption of Rule 53 ). Based on the foregoing, we conclude that the trial court abused its discretion by referring this action to a special master, and we order the trial court to vacate the April 20, 2018, referral order.[1]
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

Because we have determined that the referral order must be vacated, we pretermit discussion of Medicaid's argument that the referral order impermissibly directs the state agency to pay the fees of the special master.